Nov. 1840.

Price
v.
Church.

## PRICE *vs.* CHURCH.

A complainant in a creditor's bill, after obtaining an injunction against the judgment debtor, restraining him from collecting his choses in action, cannot afterwards by virtue of a new execution at law levy *upon money paid to the agent of the defendant*, upon one of the choses in action of the defendant.

And if such money is so levied upon and taken, it will be ordered to be brought into court to abide the event of the suit, particularly when the defendant, by his answer, fully denies the indebtedness.

*Southworth & Burrell*, for complainant.

*Charles L. Clarke*, for defendant.

THE VICE CHANCELLOR. This is an ordinary creditor's bill. At the time of filing it, there were certain rents due to the defendant, or to grow due on a lease, executed to him by one Flagler. After filing the bill and answer put in, denying the allegations in the complainant's bill, a portion of the rent was paid by Flagler to the agent of the defendant. The usual injunctions had been issued upon filing the bill. The complainant levied upon the money in the hands of the defendant's agent, by virtue of an execution issued upon the judgment, on which this bill was filed. The defendant presents a petition asking that this money may be brought into court to abide the final event of the suit.

As I have heretofore had occasion to express opinions upon the subjects of creditors' bills and their effects, and to detail them somewhat at length; I shall now confine myself to a few brief principles.

Creditors' bills, I apprehend, attach upon the choses in action and other equitable assets of the defen-

dant, as soon as such bill is filed, and create an equitable lien upon such species of property in favor of the complainant.

Creditors' bills do not attach upon the personal property of the defendant tangible by execution, nor create any lien thereon, but any other creditor can, before a receiver is appointed, levy upon such personal property, and I see no reason why the complainant cannot do the same thing. This refers to personal property, supposed to be after acquired or after discovered, and the complainant should not be in a worse position in relation to his execution at law than other judgment creditors.

A creditor's bill too is usually filed in aid of a judgment at law. In this case the defendant owned a lease, upon which a lien was created by the filing of the bill. After the filing of the bill, the tenant paid to the agent of the defendant a portion of the rent. This money the defendant could not himself receive without a violation of the injunction. It must, therefore, remain in the defendant's hands until the decision of this court upon the complainant's claim. In this situation the complainant levies upon it by virtue of an execution on his judgment at law. Upon looking into the answer, I find that the defendant denies the complainant's right to collect the judgment at all. The complainant then is presented in the attitude of coming into this court to restrain the defendant from collecting the debts due to him, and when such debts are paid to an agent of the defendant, to resort to a court of law to wrest it from his hands and appropriate it to his own use. If this rent had been paid in property it might have been properly taken, but inasmuch as it was good in money

Nov. 1840.

which should not be sold, such money ought to remain subject to the final determination of the suit in this court. This can work no injury to either party. Let the money be brought into court, and if the complainant substantiates his claim, he will be entitled to it. If he does not he should not have it. There are various aspects in which this case may be viewed, but my impression is that so far as choses in action in existence at the time of the filing of the bill in this cause are concerned, the complianant must submit himself to the jurisdiction of this court, and he must, therefore, bring the money into court levied upon by the sheriff, and pay $10 costs of this motion.